# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YONI RUBIO and ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO,<br><br>**Plaintiffs,**<br><br>v.<br><br>BRICKSTER INC., and GRZEGORZ PRZADA,<br><br>**Defendants.** | Case No.: 20-cv-0609 |

## COMPLAINT

Plaintiffs Yoni Rubio ("Rubio") and Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union") (together "Plaintiffs"), through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of complaint against Brickster Inc. ("Company"), and Grzegorz Przada ("Przada") (together "Defendants"), state as follows:

### INTRODUCTION, JURISDICTION, AND VENUE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL"), and the Employee Classification Act, 820 ILCS § 185/1, *et seq.* ("ECA"), and seeks recovery for Defendants' (1) failure to pay overtime for hours worked in excess of 40 hours in a week and (2) misclassification of employees.

2. This Court has jurisdiction over Rubio's FLSA claim pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28

U.S.C. § 1367.

3. Venue is proper in this judicial district because the facts and events giving rise to the claims presented here occurred in this district, and because the parties to this suit reside within this district.

## PARTIES

4. Rubio is and at all relevant times has been an individual who is an "employee" within the meaning of the FLSA, IMWL, and ECA, and who resides within this judicial district.

5. The Union is and at all relevant times has been a labor organization that maintains its principal place of business and transacts business within this district, and is an "Interested party" within the meaning of the ECA.

6. The Company is and at all relevant times has been an Illinois corporation that maintains its principal place of business and transacts business within this district, and is an "employer" within the meaning of the FLSA, the IMWL, and the ECA.

7. Przada is an individual who resides and transacts business within this district, and is an "employer" within the meaning of the FLSA, the IMWL, and the ECA.

## COMMON FACTS

8. Rubio is an experienced employee in the masonry trade.

9. On or around June 17, 2019, Rubio applied for employment with the Company. (All further dates will be 2019 unless otherwise stated.)

10. Przada hired Rubio to work for the Company as a bricklayer.

11. Rubio worked as a bricklayer for the Company from approximately June 18 to September 30, performing work for and receiving direction and supervision from the Defendants in ways similar to what he had encountered in previous employment and what is typical for an employer-employee relationship in the construction industry.

12. Soon after Rubio began working for the Defendants, Przada told Rubio that he would be paid $24.00 an hour through a personal check, with no deductions for federal or state taxes or for Social Security or Medicare, and with no time and one-half for overtime.

13. The Company was, at all relevant times, Rubio's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the ECA, 820 ILCS 185/1 *et seq*.

14. Przada is the Company's president and sole officer, on information and belief is its sole or principal shareholder, at all times has managed the Company's day-to-day operations, and has had and exercised the authority to (1) hire and fire the Company's employees, (2) direct and supervise the work of the Company's employees, and (3) make decisions regarding employee compensation and capital expenditures; and Przada at all times has acted in the Company's interest in relation to Rubio.

15. Przada was Rubio's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the ECA, 820 ILCS 185/1 *et seq*.

## COUNT I
## Violation of the Fair Labor Standards Act

16. Rubio incorporates and realleges paragraphs 1 through 4 and 6 through 15 of this complaint as though set forth in their entirety.

17. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §§ 201, 207, by failing to pay overtime wages to Rubio at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

18. The Defendants directed Rubio, during the course of his employment with them, to work in excess of 40 hours in individual work weeks, and Rubio did so.

19. Pursuant to 29 U.S.C. § 207, Rubio was entitled to be compensated at a rate of

3

one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

20. Defendants did not compensate Rubio at the rate of one and one-half times his regular rate for time worked in excess of 40 hours in various work weeks.

21. Defendants' failure to pay Rubio overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of 40 hours per week violated the FLSA, 29 U.S.C. § 207.

22. Defendants' violation of the FLSA by failing to pay Rubio overtime wages for all time worked in excess of 40 hours in individual work weeks was willful.

WHEREFORE, Rubio asks this Court to enter judgment against the Company and Przada, jointly and severally, as follows:

A. Ordering them to pay him the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B. Ordering them to pay him liquidated damages in an amount equal to the amount of unpaid wages for which they are found liable to him;

C. Ordering them to pay the reasonable attorneys' fees and costs of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law

23. Rubio incorporates and realleges paragraphs 1 through 4, 6 through 15, 18, and 20 of this complaint as though set forth in their entirety.

24. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.*, by failing to pay overtime wages to Rubio at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

25. Pursuant to 820 ILCS 105/4a, Rubio was entitled to be compensated at a rate of

one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

26. Defendants' failure to pay Rubio overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks violated 820 ILCS 105/4a.

WHEREFORE, Rubio asks this Court to enter judgment against the Company and Przada, jointly and severally, as follows:

   A. Ordering them to pay him three times the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

   B. Ordering them to pay him damages of 5% of the amount of all underpayments for each month following the date of payment during which underpayments have remained unpaid;

   C. Ordering them to pay reasonable attorneys' fees and costs of this action; and

   D. Granting such other and further relief as this Court deems just and proper.

## COUNT III
## Violation of the Employee Classification Act

27. Plaintiffs incorporate and reallege paragraphs 1 through 15 of this complaint as though set forth in their entirety.

28. This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* by failing to (1) classify Rubio properly as an "employee," (2) pay Rubio his earned wages as required by the IMWL, (3) pay unemployment insurance on behalf of Rubio as required by Illinois law, and (4) provide workers' compensation insurance coverage to Rubio as required by Illinois law; and from what Plaintiffs allege on information and belief to be identical misconduct with respect to other employees.

29. The Company is a corporation that engages in "Construction" and Przada is an

5

individual who engages in "Construction" within the meaning of the ECA, and therefore each is a "Contractor" within the meaning of that statute. 820 ILCS 185/5.

30. Defendants employed Rubio and other employees in "Construction" as defined by the ECA, 820 ILCS 185/5.

31. During the course of his employment, Rubio was one of Defendants' "employees" within the meaning of 820 ILCS 185/10.

32. Even though Rubio did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than an "employee," the Defendants classified and treated Rubio as a "sole proprietor" by failing to (1) comply with the requirements of the IMWL and IWPCA as described in Counts I and II, (2) pay unemployment benefits on his behalf of as required by Illinois law, (3) provide workers' compensation coverage for him as required by Illinois law, and (4) provide him with other employment benefits due him.

33. The Union comprises and represents employees in the masonry trade and the ability of those employees to receive fair wages and benefits, and the ability of the Union to represent those employees, are undermined by contractors such as the Defendants who gain a competitive advantage by misclassifying employee and avoiding the financial and work-related obligations that apply when employees are properly classified; and the Union therefore has an interest in compliance with the ECA and is an "Interested party" within the meaning of 820 ILCS 185/5.

34. In addition to being a "Contractor" and an "Employer" within the meaning of 820 ILCS 185/5, Przada is an "officer of [the Company] who knowingly permits [the Company] to violate the provisions of" the ECA within the meaning of 820 ILCS 185/63.

35. On information and belief, Defendants have committed and continue to commit

violations of the ECA with respect to other employees in the same manner as they have with respect to Rubio.

36. The Defendants have violated the ECA by failing to (1) classify Rubio and other employees properly as "employees," (2) pay them the required minimum wages, overtime wages, and other earned wages, and (3) pay unemployment compensation on them and cover them by workers' compensation.

37. The Defendants have acted and continue to act willfully in violating the ECA.

WHEREFORE, Rubio and the Union ask this Court to enter judgment against the Company and Przada, jointly and severally, as follows:

A. Ordering them to pay Rubio the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B. Ordering them to pay Rubio liquidated damages in an amount equal to the amount of unpaid wages;

C. Ordering them to pay compensatory damages to Rubio;

D. Ordering them to pay statutory damages to them equal to $500 for each violation of the ECA, with respect to Rubio and all other improperly classified employees;

E. Ordering them to pay reasonable attorneys' fees and costs of this action;

F. Ordering them to cease and desist from violating the ECA by improperly classifying employees; and

G. Granting such other and further relief as this Court deems just and proper.

                Respectfully submitted,

Dated: January 27, 2020       /s/ Barry M. Bennett
      One of the Attorneys for Plaintiffs

Barry M. Bennett
Josiah A. Groff
Dowd, Bloch, Bennett, Cervone,
  Auerbach & Yokich
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603

7

(312) 372-1361

Case: 1:20-cv-00609 Document #: 1 Filed: 01/27/20 Page 8 of 8 PageID #:1

8

(312) 372-1361